# EXHIBIT B

# EXHIBIT 1

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

**BRANDON ULASZKO**
**as Assignee of KOWAL KONSTRUCTION**
**2705 King Street, Apt. A**
**Colorado Springs, C.O.  80904,**

|                          |                |
|--------------------------|----------------|
|                          | **SUMMONS**    |
| Plaintiff,               |                |
| v.                       | **Index No.**  |

**POTWORA INSURANCE WEST**
**220 Orchard Park Road,**
**West Seneca, New York 14224,**

**POTWORA INSURANCE**
**6859 Erie Road**
**Derby, New York 14047,**

**CHARLES P. FASO, INC.**
**860 Englewood Ave.**
**Tonawanda, New York 14223,**

**THOMAS POTWORA**
**18 Mariner Street**
**Buffalo, New York 14201**

**and**

**JAMES WRIGHT**
**300 International Drive**
**Williamsville, New York 14221**

**Defendants.**

---

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon Plaintiff's attorneys, at the address stated below, a written Answer to the attached Complaint.

If this Summons is served upon you within the State of New York by personal service, you must respond within twenty (20) days after service, not counting the day of service.  If this Summons is not personally delivered to you within the State of New York, you must respond within thirty (30) days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you by default for the relief demanded in the Complaint without further notice to you.

**Collins&Collins**
ATTORNEYS, LLC

a. 267 North Street, Buffalo, New York 14201  □  p. 716 885 9700

This action is brought within the County of Erie and the State of New York based on the residence of the Plaintiff in Erie County.

DATED:        March 21, 2016
              Buffalo, New York

_____
A. PETER SNODGRASS, ESQ.
COLLINS & COLLINS ATTORNEYS, LLC
Attorneys for Plaintiff
267 North Street
Buffalo, New York 14201
(716) 885-9700

**Collins&Collins**
ATTORNEYS, LLC

a 267 North Street, Buffalo, New York 14201   □  p. 716 885 9700

STATE OF NEW YORK
SUPREME COURT     :     COUNTY OF ERIE

**BRANDON ULASZKO**
**as Assignee of KOWAL KONSTRUCTION,**

                         Plaintiff,                    **COMPLAINT**

v.                                                     Index No.

**POTWORA INSURANCE WEST,**
**POTWORA INSURANCE,**
**CHARLES P. FASO INC.,**
**THOMAS POTWORA and**
**JAMES WRIGHT,**

                         Defendants.
_____

     The Plaintiff, **BRANDON ULASZKO as assignee of KOWAL KONSTRUCTION,** by and through his attorneys, COLLINS & COLLINS ATTORNEYS, LLC, as and for his Complaint against the Defendants, **POTWORA INSURANCE WEST, POTWORA INSURANCE, CHARLES P. FASO INC., THOMAS POTWORA and JAMES WRIGHT,** upon information and belief alleges as follows:

     1.     The Plaintiff, **BRANDON ULASKO as assignee of KOWAL KONSTRUCTION,** is a resident of the Town of Colorado Springs, County of El Paso and State of Colorado.

     2.     Daniel Kowal, was/is the owner of Kowal Konstruction, with its principle place of business at 371 Kennedy Avenue, Angola, New York 14006.

     3.     Upon information and belief, on or before March 22, 2010, the Defendant, **POTWORA INSURANCE WEST,** maintained a principal place of business at 220 Orchard Park Road, West Seneca, New York 14224.

4.      Upon information and belief, on or before March 22, 2010, the Defendant, **POTWORA INSURANCE WEST,** was authorized to write policies of insurance in the State of New York by the New York State Insurance Department.

5.      Upon information and belief, on or before March 22, 2010, the Defendant, **POTWORA INSURANCE,** maintained a principal place of business at 6859 Erie Road, Derby, New York 14047.

6.      Upon information and belief, on or before March 22, 2010, the Defendant, **POTWORA INSURANCE,** was authorized to write policies of insurance in the State of New York by the New York State Insurance Department.

7.      Upon information and belief, the Defendant, **CHARLES P. FASO INC.,** maintains a principal place of business at 860 Englewood Avenue, Tonawanda, New York 14223.

8.      Upon information and belief, the Defendant, **CHARLES P. FASO INC.,** is authorized to write policies of insurance in the State of New York by the New York State Insurance Department.

9.      Upon information and belief, on or before March 22, 2010, the Defendant, **THOMAS POTWORA,** was an employee, agent and/or servant of the Defendant, **POTWORA INSURANCE WEST.**

10.      Upon information and belief, on or before March 22, 2010, the Defendant, **THOMAS POTWORA,** was an employee, agent and/or servant of the Defendant, **POTWORA INSURANCE.**

11.      Upon information and belief, on or before March 22, 2010, the Defendant, **JAMES WRIGHT,** was an employee, agent and/or servant of the Defendant, **POTWORA INSURANCE WEST.**



12.     Upon information and belief, on or before March 22, 2010, the Defendant, **JAMES WRIGHT,** was an employee, agent and/or servant of the Defendant, **POTWORA INSURANCE.**

13.     Upon information and belief, on or before March 22, 2010, Daniel Kowal, as the owner of **KOWAL KONSTRUCTION,** procured a general liability insurance policy through the Defendant, **JAMES WRIGHT,** as an employee, agent and/or servant of Defendant, **POTWORA INSURANCE WEST.**

14.     Upon information and belief, on or before March 22, 2010, Daniel Kowal, as the owner of **KOWAL KONSTRUCTION,** procured a general liability insurance policy through the Defendant, **JAMES WRIGHT,** as an employee, agent and/or servant of Defendant, **POTWORA INSURANCE.**

15.     On July 18, 2009, the Plaintiff, **BRANDON ULASZKO,** was lawfully and properly on the commercial building owned by Pacifico Cleaners located at S4465 Lakeshore Road, Hamburg, New York 14075 (herein after "construction site") performing roofing work as an employee of Patrick W. Harris, d/b/a "Professional Roofing Services," 1106 Old Eden-Evans Center Road, Angola, New York, 14006.

16.     Upon information and belief, Patrick W. Harris, d/b/a "Professional Roofing Services" had contracted with **KOWAL KONSTRUCTION** as sub-contractor to do roofing work at the construction site.

17.     On or about July 18, 2009, the Plaintiff, **BRANDON ULASZKO,** was caused to suffer serious injuries while fulfilling his work duties at the construction site.

18.     On or about November 30, 2009, the Plaintiff, **BRANDON ULASZKO,** brought suit against **KOWAL KONSTRUCTION** for injuries he suffered on July 18, 2009.

19.     On February 18, 2016, the Honorable Joseph R. Glownia, signed an Order granting Default Judgment to Plaintiff, **BRANDON ULASZKO**, against **KOWAL KONSTRUCTION**. A copy of the Order is attached hereto as **Exhibit "A."**

20.     As part of the consideration for the default judgment, in a stipulated agreement signed by the attorneys for both parties, **KOWAL KONSTRUCTION,** expressly assigned Plaintiff, **BRANDON ULASZKO**, any and all rights to pursue any and all claims against **KOWAL KONTRUCTION's** insurance agent/broker, **POTWORA INSURANCE.** See **Exhibit A.**

21.     As part of the consideration for the default judgment, in a stipulated agreement signed by the attorneys for both parties, **KOWAL KONSTRUCTION,** expressly assigned Plaintiff, **BRANDON ULASZKO**, any and all rights to pursue any and all claims against **KOWAL KONTRUCTION's** insurance agent/broker, **POTWORA INSURANCE WEST.** See **Exhibit A.**

### AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF, BRANDON ULASKO AS ASSIGNEE OF KOWAL KONSTRUCTION, ALLEGES:

22.     Plaintiff repeats and re-alleges paragraph "1" through "21" of this Complaint as if specifically set forth herein.

23.     On or about March 22, 2010, Daniel Kowal believed that his liability insurance policy for his business would include adequate coverage for both sub-contractors and for roofing.

24.     Upon information and belief, the Defendants knew Daniel Kowal's business and was aware that he hired sub-contractors for roofing as part of his business.

25.     On or about March 22, 2010, the Defendants were negligent in that they failed to provide adequate insurance coverage.

26.     This action falls within the exceptions set forth in CPLR §1602(2), (4), (7), and (8).

27.     Plaintiff demands a trial by jury.



**Collins&Collins**
ATTORNEYS, LLC

a. 267 North Street, Buffalo, New York 14201   □   p. 716 885 9700

**AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF,
BRANDON ULASKO AS ASSIGNEE OF
KOWAL KONSTRUCTION, ALLEGES:**

28.     Plaintiff repeats and re-alleges paragraph "1" through "27" of this Complaint as if specifically set forth herein.

29.     The Defendants have breached their contract with **KOWAL KONSTRUCTION** by failing to provide coverage for sub-contractors on **KOWAL KONSTRUCTION's** liability insurance policy.

30.     The Defendants have breached their contract with **KOWAL KONSTRUCTION** by failing to provide coverage for roofing on **KOWAL KONSTRUCTION's** liability insurance policy.

31.     This action falls within the exceptions set forth in CPLR §1602(2), (4), (7), and (8).

32.     Plaintiff demands a trial by jury.

**AS AND FOR A THIRD CAUSE OF ACTION, PLAINTIFF,
BRANDON ULASKO AS ASSIGNEE OF
KOWAL KONSTRUCTION, ALLEGES:**

33.     Plaintiff repeats and re-alleges paragraph "1" through "32" of this Complaint as if specifically set forth herein.

34.     The Defendant, **POTWORA INSURANCE WEST,** is responsible for the negligent acts of Defendant, **JAMES WRIGHT,** as an employee, agent and/or servant of Defendant, **POTWORA INSURANCE WEST.**

35.     The Defendant, **POTWORA INSURANCE,** is responsible for the negligent acts of Defendant, **JAMES WRIGHT,** as an employee, agent and/or servant of Defendant, **POTWORA INSURANCE.**

36.     This action falls within the exceptions set forth in CPLR §1602(2), (4), (7), and (8).

37.    Plaintiff demands a trial by jury.

**AS AND FOR A FOURTH CAUSE OF ACTION, PLAINTIFF,**
**BRANDON ULASKO AS ASSIGNEE OF**
**KOWAL KONSTRUCTION, ALLEGES:**

38.    Plaintiff repeats and re-alleges paragraph "1" through "37" of this Complaint as if specifically set forth herein.

39.    Upon information and belief, Defendant, **CHARLES P. FASO INC.,** subsequent to the transactions and occurrences set forth above, purchased **POTWORA INSURANCE** and/or **POTWORA INSURANCE WEST,** and all of their respective assets and liabilities, including any liability to the Plaintiff herein, for negligent acts of their employees.

40.    This action falls within the exceptions set forth in CPLR §1602(2), (4), (7), and (8).

41.    Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, **BRANDON   ULASKO   as   assignee   of   KOWAL KONSTRUCTION,** demands   judgment   be   entered   against   Defendants, **POTWORA INSURANCE WEST, POTWORA INSURANCE, CHARLES P. FASO INC., THOMAS POTWORA and JAMES WRIGHT,** in an amount in excess of all lower court jurisdiction plus costs, interest, and other relief as may be just and proper.

DATED:      Buffalo, New York
March 21, 2016

A. PETER SNODGRASS, ESQ.
COLLINS & COLLINS ATTORNEYS, LLC
*Attorneys for the Plaintiffs*
267 North Street
Buffalo, New York 14201
(716) 885-9700

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

BRANDON ULASZKO,

                Plaintiff,

v.

KOWAL'S CONSTRUCTION, and
PACIFICO CLEANERS,

                Defendants.

**<u>ORDER OF JUDGMENT</u>**
Index No.: I2009-013824

**<u>Hon. Joseph R. Glownia, JSC</u>**

WHEREAS, counsel and the parties to this action have entered into a Stipulated Agreement dated November 11, 2015, which is appended hereto as **Exhibit "A";** and

WHEREAS, Defendant, **KOWAL'S CONTRUCTION**, having withdrawn its Answer of July 29, 2010, as well as all subsequent pleadings, and thus all issues of liability and damages have been resolved in favor of the plaintiff; and

WHEREAS, the Plaintiff, **BRANDON ULASZKO**, having moved this Court for an Order pursuant to CPLR § 3215 granting a Default Judgment to the Plaintiff and that an inquest be ordered pursuant to 22 NYCRR § 202.46; and

WHEREAS, defendant, **KOWAL'S CONSTRUCTION**, does not contest an application for default judgment by plaintiff; and

WHEREAS, the Court has examined the Stipulated Agreement between the parties found in **Exhibit A** and finds it to be based upon mutual consideration and therefore enforceable; and

WHEREAS, the Court, having read the Affirmation of A. Peter Snodgrass, Esq., dated November 12, 2015, with attached Exhibits, it is hereby

FILED
ACTIONS & PROCEEDINGS

FEB 19 2016

ERIE COUNTY
CLERK'S OFFICE

**Collins&Collins**
ATTORNEYS, LLC

*a.* 267 North Street, Buffalo, New York 14201  □  *p.* 716 885 9700

ORDERED, that judgment on liability and damages has been determined in favor of plaintiff, **BRANDON ULASZKO**, and it is further

ORDERED, that the Court shall adjourn an inquest in determination of damages until a date to be announced by the Court at a later time.

**GRANTED:**

_____

HON. JOSEPH R. GLOWNIA, J.S.C.

GRANTED

FEB 1 8 2016

BY _____
WENDY K. HASELEY
COURT CLERK

**Collins&Collins**
ATTORNEYS, LLC

a. 267 North Street, Buffalo, New York 14201   □   p. 716 885 9700

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

BRANDON ULASZKO,                                    **STIPULATED AGREEMENT**

                              Plaintiff,             Index No. 2009/13824

        -vs-

KOWAL'S CONSTRUCTION
and PACIFICO CLEANERS,

                        Defendants.

**IT IS HEREBY STIPULATED** by and between the parties as follows:

1.     Defendants, Kowal's Construction and Pacifico Cleaners, hereby withdraw their answer of July 29, 2010, as well as all subsequent pleadings, thereby conceding all issues of liability and damages in the above captioned action.

2.     Brandon Ulaszko will execute and deliver a partial stipulation of discontinuance as against Pacifico Cleaners only, prior to the time that this agreement is executed.

3.     The defendant Kowal's Construction agrees not to contest an application for default judgment by plaintiff.

4.     Defendant, Kowal's Construction, hereby expressly assigns any and all rights to pursue any and all claims against Kowal's Construction's insurance agent/broker, Potwora Insurance Agency, to plaintiff, Brandon Ulaszko.

5.     In exchange for and consideration thereof, plaintiff, Brandon Ulaszko and his attorneys, agree that they will not pursue or seek to pursue damages or seek to enforce any judgment against defendant, Kowal's Construction, instead,

acting on the aforementioned assignment of rights, plaintiff will pursue payment of damages and enforcement of judgment against defendant's insurance agent/broker, Potwora Insurance Agency.

6.    This stipulated agreement is expressly conditioned upon the continued cooperation of all directors, officers and employees of defendant, Kowal's Construction, with regard to the instant action, as well as any additional litigation pursuing the aforementioned assigned claim against the insurance agent/broker, Potwora Insurance Agency.

7.    The plaintiff Brandon Ulaszko agrees that he will provide a satisfaction of judgment and stipulation of discontinuance to counsel for Kowal's Construction prior to the time that Kowal's Construction withdraws its answer, and such satisfaction of judgment and stipulation of discontinuance will be held in escrow by defendant's counsel until such time as any additional litigation pursuing the aforementioned assigned claims against the insurance agent/broker, Potwora Insurance Agency, is settled, resolved, dismissed, discontinued,  or otherwise concluded.

Dated: August ___, 2013

_____
Kris E. Lawrence, Esq.
**MURA & STORM, PLLC**
*Attorneys for Defendants*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
716.855.2800

Dated: August _____, 2013

_____
Michael C. Lancer, Esq.
**COLLINS & COLLINS, LLC**
*Attorneys for Plaintiff*
267 North Street
Buffalo, New York 14201
716.885.9700

_Brandon Ulaszko_ (signature)

Brandon Ulaszko

The State of New York      )
County of Erie             ):ss

On this ___ day of August, 2013, before me personally appeared Brandon Ulaszko, known to me to be the person whose name is subscribed on the foregoing instrument and he acknowledged to me that he executed the same for the purpose and consideration therein expressed.

IN WITNESS THEREOF, I have hereunto set my hand and official seal.

_Melissa M. Newhouse_ (signature)

Notary Public, State of New York
My commission expires:

> MELISSA M. NEWHOUSE
> No. 01NE6261728
> Notary Public, State of New York
> Qualified in Erie County
> My Commission Expires 05/14/1_

# Collins&Collins
## ATTORNEYS, LLC

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
716 855 2800
p. 267 North Street, Buffalo, New York 14201 2816    p. 716 885 9700

_Daniel Kowal_

Daniel Kowal

The State of New York     )
County of Erie            ):ss

On this 16th day of August, 2013, before me personally appeared Daniel Kowal, known to me to be the person whose name is subscribed on the foregoing instrument and he acknowledged to me that he executed the same for the purpose and consideration therein expressed.

IN WITNESS THEREOF, I have hereunto set my hand and official seal.

Notary Public, State of New York
My commission expires:

NATALIE ALESSANDRO-GILMAN
Lic. #01AL6262057
Notary Public-State of New York
Qualified in  Erie
My Commission Expires  05/21/2016

_George Pacifico_

George Pacifico

The State of New York )
County of Erie ):ss

On this 20th day of August, 2013, before me personally appeared George Pacifico, known to me to be the person whose name is subscribed on the foregoing instrument and he acknowledged to me that he executed the same for the purpose and consideration therein expressed.

IN WITNESS THEREOF, I have hereunto set my hand and official seal.

_James M Shaw_

Notary Public, State of New York
My commission expires: 9/26/14

**Collins&Collins**
ATTORNEYS, LLC
MURA & STORM, PLLC • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
760.855.2800 • fax 716.855.2816
a. 267 North Street, Buffalo, New York 14201 p. 716 885 9700

# EXHIBIT 2

STATE OF NEW YORK
SUPREME COURT          **COUNTY OF ERIE**

BRANDON ULASZKO, as Assignee of KOWAL          Index No. 802821/2016
KONSTRUCTION,

                                    **Plaintiff,**

                                                        **ANSWER WITH**
              -vs-                                   **AFFIRMATIVE DEFENSES**

POTWORA INSURANCE WEST, POTWORA
INSURANCE, CHARLES P. FASO, INC, THOMAS
POTWORA and JAMES WRIGHT,

                              **Defendants.**

Defendant, Charles P. Faso, Inc., by and through its attorneys Costello, Cooney & Fearon, PLLC,
in answer to the Plaintiff's Complaint, states and alleges as follows:

1.      **ADMITS** the allegations contained in paragraphs enumerated "7" and "8" of the
complaint.

2.      **DENIES** the allegations contained in paragraphs enumerated "19", "20" and "21" of the
complaint on the basis that the documents referred to in said paragraphs speak for themselves and
constitute the best evidence of their content and meaning.

3.      **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraphs enumerated "1", "2", "3", "4", "5", "6", "9", "10",
"11", "12", "13", "14", "15", "16", "17" and "18" of the complaint and therefore **DENIES** the same.

4.      **DENIES** each and every other allegation contained in the complaint not hereto specifically
admitted, denied or otherwise controverted.

**IN DEFENSE OF THE FIRST CAUSE OF ACTION**

5.      With respect to the allegations contained in paragraph enumerated "22" of the complaint, this answering defendant repeats and realleges its responses to the paragraphs incorporated by reference in said paragraph "22" as if more fully set forth and restated herein.

6.      **DENIES** the allegations contained in paragraphs enumerated "24", "25", "26", "27" of the complaint to the extent the allegations refer or relate to this answering defendant, but **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of those allegations as they relate to any other defendant and therefore **DENIES** same.

7.      **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph enumerated "23" of the complaint and therefore **DENIES** same.

8.      **DENIES** each and every other allegation contained in the complaint not heretofore specifically admitted, denied or otherwise controverted.

**IN DEFENSE OF THE SECOND CAUSE OF ACTION**

9.      With respect to the allegations contained in paragraph enumerated "28" of the complaint, this answering defendant repeats and realleges its responses to the paragraphs incorporated by reference in said paragraph "28" as if more fully set forth and restated herein.

10.     **DENIES** the allegations contained in paragraphs enumerated "29", "30", "31" and "32" of the complaint to the extent the allegations refer or relate to this answering defendant, but **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of those allegations as they may relate to any other defendant and therefore **DENIES** same.

2

11.     **DENIES** each and every other allegation contained in the complaint not heretofore specifically admitted, denied or otherwise controverted.

## IN DEFENSE OF THE THIRD CAUSE OF ACTION

12.     With respect to the allegations contained in paragraph enumerated "33" of the complaint, these answering defendants repeat and reallege their responses to the paragraphs incorporated by reference in said paragraph "33" as if more fully set forth and restated herein.

13.     **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs enumerated "34", "35", "36" and "37" of the complaint and therefore **DENIES** same.

14.     **DENIES** each and every other allegation contained in the complaint not heretofore specifically admitted, denied or otherwise controverted.

## IN DEFENSE OF THE FOURTH CAUSE OF ACTION

15.     With respect to the allegations contained in paragraph enumerated "38" of the complaint, these answering defendants repeat and reallege their responses to the paragraphs incorporated by reference in said paragraph "38" as if more fully set forth and restated herein.

16.     **DENIES** the allegations contained in paragraphs enumerated "39", "40" and "41"of the complaint.

17.     **DENIES** each and every other allegation contained in the complaint not heretofore specifically admitted, denied or otherwise controverted.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

18.    Upon information and belief, the complaint is subject to dismissal for insufficient process against this defendant.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

19.    Upon information and belief, plaintiff's complaint, either in whole or in part, fails to state a cause of action against this defendant.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

20.    Upon information and belief, plaintiff lacks legal capacity or standing to sue this defendant.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

21.    Upon information and belief, one or more of plaintiff's causes of action against this answering defendant may not be maintained because of the lack of privity between plaintiff and defendant.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

22.    Upon information and belief, plaintiff's damages, if any, were brought about either in whole or in part by the plaintiff's own culpable conduct, and without any negligence, fault or want of care on the part of this answering defendant.

23.    By virtue of the foregoing, in the event any judgment or recovery is made by plaintiff, it should be reduced in accordance with Section 1411 of the Civil Practice Law and Rules.

**AS AND FOR A SIXTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

24.     Upon information and belief, plaintiff's damages, if any, were brought about, either in whole or in part by the culpable conduct of others over whom this answering defendant exercised no authority, control or dominion and without any negligence fault or want of care on the part of this answering defendant.

25.     By virtue of the foregoing, in the event any judgment or recovery is made by plaintiff, it should be reduced in accordance with section 1411 of the Civil Practice Law and Rules.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

26.     The liability, if any, of this defendant is limited by operation of Article 16 of the Civil Practice Law and Rules.

**AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

27.     Upon information and belief, one or more of plaintiff's causes of action may not be maintained because of the statute of frauds prevents and/or bars such claims.

**AS AND FOR A NINTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

28.     If plaintiff's assignor did not receive the coverage which plaintiff's assignor alleges this answering defendant should have procured for plaintiff's assignor, the failure of plaintiff's assignor to have such coverage was caused wholly and solely through the negligence, carelessness and culpable conduct of plaintiff's assignor, and without any fault, negligence or culpable conduct on the part of this

5

answering defendant, and/or that the failure of plaintiff's assignor to have such insurance coverage which allegedly has caused or may have caused damages to plaintiff was due in part by plaintiff's assignor's own contributory negligence and culpable conduct entirely or in part.

29.     By reason of the foregoing, plaintiff's damages, if any, should be reduced in accordance with Section 1411 of the Civil Practice Law and Rules.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

30.     That even if, assuming *arguendo*, this answering defendant is found to be liable to plaintiff for failure to secure the coverage and protection which plaintiff alleges this answering defendant should have procured for plaintiff's assignor, this liability being denied by this defendant, and this defendant's liability to plaintiff must be limited to the amount of coverage or protection which the applicable defendant could have reasonably secured for said plaintiff's assignor, reduced by the amount of any applicable deductible(s).

**AS AND FOR AN ELEVENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

31.     Upon information and belief, plaintiff's cause of action against this answering defendant may not be maintained because the statute of limitations for one or more of plaintiff's claims has expired.

**AS AND FOR A TWELFTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
STATES AND ALLEGES AS FOLLOWS:**

32.     In the event of any prior or subsequent settlement entered into between plaintiff and another person or entity liable or claimed to be liable in tort for the same injuries or damages complained

6

of herein, this answering defendant asserts all relevant provisions of Section 15-108 of the General

Obligations Law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE AND
### BY WAY OF A CROSS-CLAIM AGAINST THE CO-DEFENDANT
### POTWORA INSURANCE WEST, THIS ANSWERING DEFENDANT,
### STATES AND ALLEGES AS FOLLOWS:

33.     Upon information and belief, all or part of plaintiff's damages, if any, were brought about

by the culpable conduct of the co-defendant, Potwora Insurance West, and by reason thereof, the

defendant Charles P. Faso, Inc. is entitled to judgment against the co-defendant, Potwora Insurance West,

in contribution and/or indemnity, by contract and/or under common law for any damages for which this

answering defendant may be liable to the plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE AND
### BY WAY OF A CROSS-CLAIM AGAINST THE CO-DEFENDANT
### POTWORA INSURANCE, THIS ANSWERING DEFENDANT,
### STATES AND ALLEGES AS FOLLOWS:

34.     Upon information and belief, all or part of plaintiff's damages, if any, were brought about

by the culpable conduct of the co-defendant, Potwora Insurance, and by reason thereof, the defendant

Charles P. Faso, Inc. is entitled to judgment against the co-defendant, Potwora Insurance, in contribution

and/or indemnity, by contract and/or under common law for any damages for which this answering

defendant may be liable to the plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE AND
### BY WAY OF A CROSS-CLAIM AGAINST THE CO-DEFENDANT
### THOMAS POTWORA, THIS ANSWERING DEFENDANT,
### STATES AND ALLEGES AS FOLLOWS:

35.     Upon information and belief, all or part of plaintiff's damages, if any, were brought about

by the culpable conduct of the co-defendant, Thomas Potwora, and by reason thereof, the defendant

Charles P. Faso, Inc. is entitled to judgment against the co-defendant, Thomas Potwora, in contribution

7 of 8

and/or indemnity, by contract and/or under common law for any damages for which this answering defendant may be liable to the plaintiff.

**WHEREFORE**, defendant Charles P. Faso, Inc. hereby demands judgment dismissing the plaintiff's complaint, or in the alternative, judgment reducing the liabilities of the parties to this action due to plaintiff's own culpable conduct, or that of an individual over whom this answering defendant exercised no authority, control or dominion and further in the alternative, a determination of the respective liabilities of all the parties to this action, and this answering defendant further demands judgment against the co-defendants Potwora Insurance West, Potwora Insurance and Thomas Potwora based upon both contribution and indemnification for all or part of any sum which may be recovered against this answering defendant by plaintiff, together with the costs and disbursements of this action and such other and further relief as to this Court may seem just and proper.

**DATED:**      **March 31, 2016**

                                        **COSTELLO, COONEY & FEARON, PLLC**

                                        **PAUL G. FERRARA**
                                        **Attorneys for the Defendant,**
                                        **    Charles P. Faso, Inc.**
                                        **Office and Post Office Address**
                                        **500 Plum Street, Suite 300**
                                        **Syracuse, New York 13204-1401**
                                        **Telephone:   (315) 422-1152**

**TO:    COLLINS & COLLINS ATTORNEYS, LLC**
            **Attorneys for the Plaintiff,**
            **Office and Post Office Address**
            **267 North Street**
            **Buffalo, NY 14201**

# EXHIBIT 3

**STATE OF NEW YORK**
**SUPREME COURT : COUNTY OF ERIE**

---

**BRANDON ULASZKO**
**as Assignee of KOWAL KONSTRUCTION**
**2705 King Street, Apt. A**
**Colorado Springs, C.O.  80904,**

|  |  |
|---|---|
| **Plaintiff,** | **AMENDED SUMMONS** |
| **v.** | **Index No. 802821/2016** |

**POTWORA INSURANCE WEST**
**220 Orchard Park Road,**
**West Seneca, New York 14224,**

**POTWORA INSURANCE**
**6859 Erie Road**
**Derby, New York 14047,**

**THE KELLER INSURANCE GROUP**
**2706 Pine Avenue**
**Niagara Falls, New York 14301,**

**CHARLES P. FASO, INC.**
**860 Englewood Ave.**
**Tonawanda, New York 14223,**

**THOMAS POTWORA**
**18 Mariner Street**
**Buffalo, New York 14201,**

**and**

**JAMES WRIGHT**

**Defendants.**

---

To the above-named Defendants:

       **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon Plaintiff's attorneys, at the address stated below, a written Answer to the attached Complaint.

       If this Summons is served upon you within the State of New York by personal service, you must respond within twenty (20) days after service, not counting the day of service.  If this Summons is not personally delivered to you within the State of New York, you must respond within thirty (30) days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you by default for the relief demanded in the Complaint without further notice to you.

This action is brought within the County of Erie and the State of New York based on the residence of the Plaintiff in Erie County.

DATED:       April 5, 2016
             Buffalo, New York

A. PETER SNODGRASS, ESQ.
COLLINS & COLLINS ATTORNEYS, LLC
Attorneys for Plaintiff
267 North Street
Buffalo, New York 14201
(716) 885-9700

INDEX NO. 802821/2016

NYSCEF DOC. NO. 5

RECEIVED NYSCEF: 04/05/2016

STATE OF NEW YORK
SUPREME COURT_____:_____COUNTY OF ERIE

**BRANDON ULASZKO**
**as Assignee of KOWAL KONSTRUCTION,**

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | **Index No. 802821/2016** |

**POTWORA INSURANCE WEST,**
**POTWORA INSURANCE,**
**THE KELLER INSURANCE GROUP,**
**CHARLES P. FASO INC.,**
**THOMAS POTWORA, and**
**JAMES WRIGHT.**

Defendants.

---

The Plaintiff, **BRANDON ULASZKO as assignee of KOWAL KONSTRUCTION,** by and through his attorneys, COLLINS & COLLINS ATTORNEYS, LLC, as and for his Complaint against the Defendants, **POTWORA INSURANCE WEST, POTWORA INSURANCE, THE KELLER INSURANCE GROUP, CHARLES P. FASO INC., THOMAS POTWORA, and JAMES WRIGHT,** upon information and belief alleges as follows:

1.      The Plaintiff, **BRANDON ULASKO as assignee of KOWAL KONSTRUCTION,** is a resident of the Town of Colorado Springs, County of El Paso and State of Colorado.

2.      Daniel Kowal, was/is the owner of Kowal Konstruction, with its principle place of business at 371 Kennedy Avenue, Angola, New York 14006.

3.      Upon information and belief, on or before March 22, 2010, the Defendant, **POTWORA INSURANCE WEST,** maintained a principal place of business at 220 Orchard Park Road, West Seneca, New York 14224.

4.      Upon information and belief, on or before March 22, 2010, the Defendant, **POTWORA INSURANCE WEST,** was authorized to write policies of insurance in the State of New York by the New York State Insurance Department.

5.      Upon information and belief, on or before March 22, 2010, the Defendant, **POTWORA INSURANCE,** maintained a principal place of business at 6859 Erie Road, Derby, New York 14047.

6.      Upon information and belief, on or before March 22, 2010, the Defendant, **POTWORA INSURANCE,** was authorized to write policies of insurance in the State of New York by the New York State Insurance Department.

7.      Upon information and belief, the Defendant, **THE KELLER INSURANCE GROUP,** maintained a principal place of business at 2706 Pine Avenue, Niagara Falls, New York 14301.

8.      Upon information and belief, the Defendant, **THE KELLER INSURANCE GROUP,** was authorized to write policies of insurance in the State of New York by the New York State Insurance Department.

9.      Upon information and belief, the Defendant, **CHARLES P. FASO INC.,** maintains a principal place of business at 860 Englewood Avenue, Tonawanda, New York 14223.

10.     Upon information and belief, the Defendant, **CHARLES P. FASO INC.,** is authorized to write policies of insurance in the State of New York by the New York State Insurance Department.

11.     Upon information and belief, on or before March 22, 2010, the Defendant, **THOMAS POTWORA,** was an employee, agent and/or servant of the Defendant, **POTWORA INSURANCE WEST.**

12.     Upon information and belief, on or before March 22, 2010, the Defendant, **THOMAS POTWORA,** was an employee, agent and/or servant of the Defendant, **POTWORA INSURANCE.**

13.     Upon information and belief, on or before March 22, 2010, the Defendant, **JAMES WRIGHT,** was an employee, agent and/or servant of the Defendant, **POTWORA INSURANCE WEST.**

14.     Upon information and belief, on or before March 22, 2010, the Defendant, **JAMES WRIGHT,** was an employee, agent and/or servant of the Defendant, **POTWORA INSURANCE.**

15.     Upon information and belief, on or before March 22, 2010, Daniel Kowal, as the owner of **KOWAL KONSTRUCTION,** procured a general liability insurance policy through the Defendant, **JAMES WRIGHT,** as an employee, agent and/or servant of Defendant, **POTWORA INSURANCE WEST.**

16.     Upon information and belief, on or before March 22, 2010, Daniel Kowal, as the owner of **KOWAL KONSTRUCTION,** procured a general liability insurance policy through the Defendant, **JAMES WRIGHT,** as an employee, agent and/or servant of Defendant, **POTWORA INSURANCE.**

17.     On July 18, 2009, the Plaintiff, **BRANDON ULASZKO,** was lawfully and properly on the commercial building owned by Pacifico Cleaners located at S4465 Lakeshore Road, Hamburg, New York 14075 (herein after "construction site") performing roofing work as an employee of Patrick W. Harris, d/b/a "Professional Roofing Services," 1106 Old Eden-Evans Center Road, Angola, New York, 14006.

18.     Upon information and belief, Patrick W. Harris, d/b/a "Professional Roofing Services" had contracted with **KOWAL KONSTRUCTION** as sub-contractor to do roofing work at the construction site.

19.    On or about July 18, 2009, the Plaintiff, **BRANDON ULASZKO,** was caused to suffer serious injuries while fulfilling his work duties at the construction site.

20.    On or about November 30, 2009, the Plaintiff, **BRANDON ULASZKO**, brought suit against **KOWAL KONSTRUCTION** for injuries he suffered on July 18, 2009.

21.    On February 18, 2016, the Honorable Joseph R. Glownia, signed an Order granting Default Judgment to Plaintiff, **BRANDON ULASZKO**, against **KOWAL KONSTRUCTION.** A copy of the Order is attached hereto as **Exhibit "A."**

22.    As part of the consideration for the default judgment, in a stipulated agreement signed by the attorneys for both parties, **KOWAL KONSTRUCTION,** expressly assigned Plaintiff, **BRANDON ULASZKO,** any and all rights to pursue any and all claims against **KOWAL KONTRUCTION's** insurance agent/broker, **POTWORA INSURANCE.** See **Exhibit A.**

23.    As part of the consideration for the default judgment, in a stipulated agreement signed by the attorneys for both parties, **KOWAL KONSTRUCTION,** expressly assigned Plaintiff, **BRANDON ULASZKO,** any and all rights to pursue any and all claims against **KOWAL KONTRUCTION's** insurance agent/broker, **POTWORA INSURANCE WEST.** See **Exhibit A.**

<u>**AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF,**</u>
<u>**BRANDON ULASKO AS ASSIGNEE OF**</u>
<u>**KOWAL KONSTRUCTION, ALLEGES:**</u>

24.    Plaintiff repeats and re-alleges paragraph "1" through "21" of this Complaint as if specifically set forth herein.

25.    On or about March 22, 2010, Daniel Kowal believed that his liability insurance policy for his business would include adequate coverage for both sub-contractors and for roofing.

26.    Upon information and belief, the Defendants knew Daniel Kowal's business and was aware that he hired sub-contractors for roofing as part of his business.

27.     On or about March 22, 2010, the Defendants were negligent in that they failed to provide adequate insurance coverage.

28.     This action falls within the exceptions set forth in CPLR §1602(2), (4), (7), and (8).

29.     Plaintiff demands a trial by jury.

**AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF,**
**BRANDON ULASKO AS ASSIGNEE OF**
**KOWAL KONSTRUCTION, ALLEGES:**

30.     Plaintiff repeats and re-alleges paragraph "1" through "27" of this Complaint as if specifically set forth herein.

31.     The Defendants have breached their contract with **KOWAL KONSTRUCTION** by failing to provide coverage for sub-contractors on **KOWAL KONSTRUCTION's** liability insurance policy.

32.     The Defendants have breached their contract with **KOWAL KONSTRUCTION** by failing to provide coverage for roofing on **KOWAL KONSTRUCTION's** liability insurance policy.

33.     This action falls within the exceptions set forth in CPLR §1602(2), (4), (7), and (8).

34.     Plaintiff demands a trial by jury.

**AS AND FOR A THIRD CAUSE OF ACTION, PLAINTIFF,**
**BRANDON ULASKO AS ASSIGNEE OF**
**KOWAL KONSTRUCTION, ALLEGES:**

35.     Plaintiff repeats and re-alleges paragraph "1" through "32" of this Complaint as if specifically set forth herein.

36.     The Defendant, **POTWORA INSURANCE WEST,** is responsible for the negligent acts of Defendant, **JAMES WRIGHT,** as an employee, agent and/or servant of Defendant, **POTWORA INSURANCE WEST.**

37.     The Defendant, **POTWORA INSURANCE,** is responsible for the negligent acts of Defendant, **JAMES WRIGHT,** as an employee, agent and/or servant of Defendant, **POTWORA INSURANCE.**

38.     This action falls within the exceptions set forth in CPLR §1602(2), (4), (7), and (8).

39.     Plaintiff demands a trial by jury.

**AS AND FOR A FOURTH CAUSE OF ACTION, PLAINTIFF,**
**BRANDON ULASKO AS ASSIGNEE OF**
**KOWAL KONSTRUCTION, ALLEGES:**

40.     Plaintiff repeats and re-alleges paragraph "1" through "37" of this Complaint as if specifically set forth herein.

41.     Upon information and belief, Defendants, **THE KELLER INSURANCE GROUP and CHARLES P. FASO INC.,** subsequent to the transactions and occurrences set forth above, purchased **POTWORA INSURANCE** and/or **POTWORA INSURANCE WEST,** and all of their respective assets and liabilities, including any liability to the Plaintiff herein, for negligent acts of their employees.

42.     This action falls within the exceptions set forth in CPLR §1602(2), (4), (7), and (8).

43.     Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, **BRANDON ULASKO as assignee of KOWAL KONSTRUCTION,** demands judgment be entered against Defendants, **POTWORA INSURANCE WEST, POTWORA INSURANCE, THE KELLER INSURANCE GROUP, CHARLES P. FASO INC., THOMAS POTWORA and JAMES WRIGHT,** in an amount in excess of all lower court jurisdiction plus costs, interest, and other relief as may be just and proper.

DATED:      Buffalo, New York
            April 5, 2016

                                                      _____

                                                      A. PETER SNODGRASS, ESQ.
                                                      COLLINS & COLLINS ATTORNEYS, LLC
                                                      *Attorneys for the Plaintiffs*
                                                    267 North Street
                                                    Buffalo, New York 14201
                                                    (716) 885-9700